MUÑOZ, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 336.—Decided November 16, 1917.

CONSOLIDATION OF PROPERTIES—SEPARATE PROPERTY—COMMUNITY PROPERTY.—In accordance with established principles concerning the consolidation of properties, a separate estate of one of the spouses can not be consolidated with another belonging to the conjugal partnership, for the two entities are distinct and the purpose of the spouse who seeks to make the consolidation cannot affect the question.

PUBLIC INSTRUMENT—SIGNATURE BY REQUEST—WITNESS TO EXECUTION OF INSTRUMENT.—The signing of a public instrument for and at the request of one of the parties, on account of his physical inability to do so, by a person who is not a witness to the execution of the instrument, is an incurable defect. There must be a strict compliance with the Notarial Law in this regard.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The facts of this case appear sufficiently from the note of the registrar, as follows:

"The foregoing instrument is denied admission to record on account of the following incurable defects: First, because the property referred-to therein is the result of the consolidation of two properties—one of 49 *cuerdas* which the vendor, Zenón Muñoz López, acquired while single and which, therefore, is separate property, and another of 17 *cuerdas* which said Muñoz acquired by purchase while married and which, consequently, should be considered as belonging to the conjugal partnership. The two properties mentioned cannot be consolidated because they belong to different persons or legal entities. *Durán* v. *Registrar*, 20 P. R. R. 138. Second, because a person who is not a witness to the instrument appears as signing the same for and at the request of the vendee on account of the physical inability of the latter to do so. *Villanueva* v. *Registrar*, 18 P. R. R. 801. A cautionary notice is entered for a period of 120 days, etc."

The appeal turns upon the two alleged incurable defects. The only effort the appellant makes to distinguish the case

of *Durán v. Registrar, supra,* is to say that a different case is presented when a husband, as administrator, tries to consolidate (*agrupar*) for purposes of sale, and also that it would be impossible, according to the same case of Durán, for one spouse to convey to the other. It is impossible under the law for a husband or wife to consolidate a separate estate with one belonging to the partnership. The Durán case settles the point and the purpose of the husband cannot affect the question. The properties belong to distinct entities and there is no way of merging them under the principles of consolidation.

With respect to the other point, the law is equally clear. Saras appears only as signing for the purchaser. He is in no sense a witness of the execution of the deed (*testigo instrumental*), as two others appear as such instrumental witnesses. There must be a strict compliance with the notarial law in this regard. *Villanueva v. Registrar of Arecibo,* 18 P. R. R. 801.

The note of the registrar must be

*Affirmed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.